IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NANCY HOLLINGSHEAD,

      Plaintiff,                              No. CIV S-06-0590 GGH

    vs.

MICHAEL J. ASTRUE,                    <u>ORDER</u>
Commissioner of
Social Security,

      Defendant.

_____/

        By order filed September 13, 2007, the court granted in part plaintiff's motion for summary judgment and/or remand, and denied in part the Commissioner's cross motion for summary judgment. The court remanded to the Commissioner for further findings. This action is now before the court on the Commissioner's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

<u>LEGAL STANDARDS</u>

        Federal Rule of Civil Procedure 59(e) allows a party to request that the court alter or amend the ruling of the court after judgment has been entered. There are four recognized grounds for providing relief under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered or previously unavailable evidence;

1

(3) to apply an intervening change in the law; and (4) to prevent manifest injustice. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). Defendant contends that the first of these grounds justifies the granting of relief in this case.

ANALYSIS

At the outset it must be recognized that "the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." McDowell, 197 F.3d at 1255 n.1 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Moreover, it is not an abuse of that considerable discretion to decline to address an issue raised for the first time on reconsideration. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); see also Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). With regard to the first ground for the granting of relief under Rule 59(e), to correct manifest errors of law or fact upon which a judgment is based, mere disagreement with the application of legal standards will not support a 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). With these standards in mind the court will turn to defendant's motion.

Defendant raises two grounds for relief. Defendant first contends that in regard to the claim of a closed period of disability, the court may have erred if it found that plaintiff could be disabled if she were unable to work for only five months. Defendant seeks to clarify that in order to be found disabled, plaintiff must prove that she was unable to work for twelve continuous months.

In its order, the court stated, "[i]n Title II cases, an insured person is entitled to DIB if he or she has filed an application and been under a disability for five consecutive calendar months." The meaning of this sentence was only that pursuant to 42 U.S.C. § 423(a)(1)(E)(i) and (c)(2), a waiting period of five months is required before an individual becomes entitled to payments of disability insurance benefits. The court did not intend for this sentence to imply that the separately required period of twelve continuous months of inability to work in order to be

found disabled was not also mandatory. See 42 U.S.C. § 423 (d)(1)(A). As also stated in that order, plaintiff alleges an onset date of March 24, 2001 in regard to her shoulder, with surgery not occurring until November 11, 2002. This period is longer than twelve continuous months.

Defendant separately claims that the issue of a closed period of disability was merely a factor to be considered under the issue of credibility, and was not raised as a separate substantive issue. The court acknowledges that this issue is discussed under a subcategory of the larger issue of credibility; however, plaintiff clearly raised it as a separate issue with the subheading, "*G. The ALJ failed to consider a closed period of disability*." Pl.'s Mot. at 17. In this regard, defendant argues that since the court found substantial evidence supported the ALJ's credibility finding, and a closed period was one factor of that issue, the court should reconsider its decision to remand. The court does not view a closed period of disability as part and parcel of the credibility issue, but rather as a separate issue. Defendant's motion is based on a mere disagreement with the court's interpretation of plaintiff's motion. As such, amendment or alteration of the judgment is not warranted. See Hutchinson, 994 F.2d at 1081-82.

Because defendant has failed to meet the burden of showing that the order granting in part plaintiff's motion for summary judgment and/or remand was based on some manifest error of law or fact, the motion for relief under Rule 59(e) must be denied.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to amend or alter the court's order remanding this action for payment of benefits, filed September 26, 2007, is denied; and

2. The Clerk of the Court is directed to close the file.

DATED: 11/20/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
Hollingshead0590.59e.wpd

3