1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NANCY HOLLINGSHEAD,

11          Plaintiff,                    No. CIV S-06-0590 GGH

12      vs.

13   MICHAEL J. ASTRUE,
     Commissioner of
14   Social Security,
                                          ORDER
15          Defendant.

16   _____/

17          Pending before the court is plaintiff's application for an award of attorneys' fees

18   under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks attorneys'

19   fees for 36.75 hours of work at $161.88/hour in 2006, and 7.4 hours at $167.62/hour in 2007, for

20   a total of 44.15 hours and a total amount of $7,639.34.  These rates reflect the requested cost of

21   living adjustment ("COLA") to the statutory cap on attorneys' fees of $125/hour.  Defendant

22   contends fees under the EAJA should not be awarded because the government's position was

23   substantially justified.  In the event fees are awarded, defendant contends that the amount of

24   hours claimed is unreasonable.

25   \\\\\

26   \\\\\

1

A.  <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.   An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four pursuant to the order of the court for further development of the record in regard to plaintiff's vision problems and resulting headaches, mental impairments, and possible further vocational testimony, as well as proper credibility analysis.  <u>See</u> Order filed March 2, 2007.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001).  In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

<u>Id</u>. at 565.  A position does not have to be correct to be substantially justified.  <u>Id</u>. at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  <u>Barry v. Bowen</u>, 825 F.2d 1324, 1331 (9th Cir. 1987), <u>disapproved on other grounds</u>, <u>In re Slimick</u>, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government

1   action was not substantially justified, it is unnecessary to determine whether the government's

2   litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.

3   1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the

4   Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103

5   F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

6          Defendant contends the government's position was substantially justified.  In

7   support of this contention, defendant argues that the court ruled in defendant's favor on all of the

8   issues except one.  It is true that the court found for the Commissioner on the following issues:

9   plaintiff's credibility, the ALJ's evaluation of the opinions of the treating physicians, evaluation

10   of plaintiff's residual functional capacity, and proper reliance on vocational expert testimony.

11   The one issue that was the only basis of the remand was the court's finding on plaintiff's last

12   issue, that the ALJ failed to consider a closed period of disability due to her shoulder injury and

13   carpal tunnel syndrome which lasted longer than twelve months and for which she eventually

14   underwent surgery.  Defendant made no argument whatsoever in response to this issue.  The

15   Commissioner's position must be substantially justified "with respect to the issue on which the

16   court based its remand."  Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995).  Here, the complete

17   lack of an argument is not substantially justified.  It is true that defendant filed a motion to alter

18   or amend the judgment, contending in part that the closed period was one fact of the credibility

19   issue; however, the court specifically pointed out that "plaintiff clearly raised it as a separate

20   issue with the subheading, 'G.  The ALJ failed to consider a closed period of disability.'  Pl.'s

21   Mot. at 17."  The court opined that it did not consider a closed period of disability to be part and

22   parcel of the credibility issue but rather a separate issue.  Order, filed November 21, 2007, at 3.

23   The court maintains this opinion.  As already explained, defendant was on notice of this issue as

24   plaintiff raised it under a separate and distinct subheading in her summary judgment brief.

25          Accordingly, pursuant to Flores, the court finds that defendant was not

26   substantially justified in its position on the issue of a closed period of disability.

B. <u>Reasonable Fee</u>

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  <u>See</u> <u>Commissioner, INS v. Jean</u>, 496 U.S. 154 (1990); <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998).  Taking a reasonable rate and multiplying it by a reasonable amount of expended hours is not the only task left to the district court under the EAJA.  <u>Atkins</u>, 154 F.3d at 989.  The court must also consider the results obtained.  <u>Id.</u>

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for inflation.  <u>See</u> <u>Ramon-Sepulveda v. INS</u>, 863 F.2d 1458, 1463- 64 (9th Cir. 1988) (adding inflationary adjustment to statutory maximum).  The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress.  <u>Russell v. Sullivan</u>, 930 F.2d 1443 (9th Cir. 1991).  The national, rather than local change in cost of living, should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute."  <u>Stewart v. Sullivan</u>, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

Counsel requests a total fee in the amount of $7,189.42.  Counsel has submitted declarations documenting 44.15 hours of attorney time at $161.88 to 167.62 per hour, pursuant to 28 U.S.C. § 2412(d)(1).  Defendant contends that some of plaintiff's claimed fees are excessive and/or duplicative.

First, defendant argues that of her 25 page summary judgment motion, plaintiff was successful only on the issue of a closed period of disability which comprised about half a page.  The court ruled for the Commissioner on the four other issues.  In this regard, the court finds that counsel's requested fee is not excessive.  Although plaintiff did not receive results

4

1  from the arguments she raised, those arguments did cause the court to review the record for a

2  closed period of disability, and plaintiff did receive a remand for consideration of this issue.

3  Although plaintiff's arguments with respect to her subjective complaints, treating physicians'

4  opinions, residual functional capacity, and vocational testimony were found untenable, the court

5  does not find unreasonable the time spent advancing those arguments.  The arguments were not

6  summarily rejected and warranted lengthy consideration by the court.  To the extent counsel was

7  attempting to preserve all possible bases for remand, advancing those arguments was not

8  unreasonable, even if they were ultimately unavailing.

9          Furthermore, the issue of a closed period required consideration of the entire

10  record as it related to plaintiff's shoulder injury and carpal tunnel syndrome, and these injuries in

11  turn impacted the other issues raised by plaintiff.  See Thorne v. City of El Segundo, 802 F.2d

12  1131, 1141 (9th Cir. 1986) (finding that where claims upon which plaintiff failed to prevail are

13  related to successful claims and therefore merits fee award, relatedness depends on whether

14  claims involve common core of facts or related legal theories).

15          The Commissioner also argues that some hours billed by the two attorneys on the

16  case seem duplicative and/or excessive.  A review of billing tallies and counsel declarations of

17  attorneys Reynolds and Zeiden, indicates that of the seven hours objected to by the

18  Commissioner as duplicative, all seven hours claimed by Reynolds are repetitive of work done by

19  attorney Zeiden.  Zeiden spent 18.75 hours drafting the motion for summary judgment and three

20  hours preparing the reply, while Reynolds claims fees for six hours editing the motion and one

21  hour editing the reply.  The work done after co-counsel had finalized the same work is redundant.

22  Therefore, Reynolds' hours will be reduced by seven hours.  Further, a claim of two hours to

23  draft an EAJA settlement letter on November 28, 2007, is excessive.  This amount will be

24  reduced by one hour.

25          The Commissioner also points to another questionable entry.  It is a claim for

26  three hours on September 27, 2007 for "call from referring attorney, needs client's contact info."

1    If this charge is really what it is represented to be, it should have been billed for no more than .1

2    hour.  Therefore, this item will be reduced accordingly.

3            The Commissioner's objection to references to the parties' negotiations as

4    improper under Fed. R. Evid. 408 is not well taken.  Although offers to compromise are not

5    admissible under the rules of evidence, the Commissioner has provided no reason why counsel

6    may not bill for this work.

7            Of the remaining 33.25 hours requested, the court finds the hours expended by

8    plaintiff's counsel are reasonable for this social security case.  See Patterson v. Apfel, 99 F.

9    Supp. 2d 1212 n. 2 (C.D. Cal. 2000) (finding 33.75 hours plus 3.5 "fee" hours to be reasonable

10   EAJA award; collecting cases).  See also Mendoza v. Bowen, 701 F.Supp. 1471 (N.D. Cal. 1999)

11   (finding fifty hours reasonable despite lack of novel issues); Walton v. Massanari, 177 F.

12   Supp.2d 359, 364-65 (E.D. Pa. 2001) (permitting fees for 53.6 hours spent on a 27 page brief).

13   In this case, plaintiff prevailed on the issue that was the basis for the remand.  The losing

14   arguments were nevertheless valid when viewed from the perspective of a competent plaintiff's

15   advocate.  Accordingly, the court finds 33.25 of plaintiff's claimed hours to be reasonable.[1]

16   CONCLUSION

17           Accordingly,  IT IS HEREBY ORDERED that plaintiff's January 22, 2008

18   motion for EAJA fees is granted.  Plaintiff is awarded attorneys' fees pursuant to the EAJA in the

19   amount of $5,402.60.  Said fees shall be made payable to plaintiff's counsel.

20   DATED: 06/18/08                          /s/ Gregory G. Hollows

21                                                     _____
                                                       GREGORY G. HOLLOWS
                                                       UNITED STATES MAGISTRATE JUDGE
22   GGH:076
     Hollingshead590.eaja.wpd

23

24   _____

25       [1]  Of this reduced number of hours, 29.75 hours were billed in 2006 at a rate of $161.88
     per hour, for a subtotal of $4,815.93 for that year, and 3.5 hours were billed in 2007 at a rate of
26   $167.62 per hour, for a subtotal of $586.67 for that year, resulting in a total of $5,402.60.